Cunningham *v.* O'Connor.

S. E. CUNNINGHAM *v.* M. F. O'CONNOR.

CONSTITUTIONAL LAW. *Register of Mountain District. Mandamus.* The office of register of the Mountain District continues to exist, and the Legislature elects the register.

FROM WHITE.

Appeal in error from the Circuit Court of White county. N. W. McCONNELL, J.

---

Cunningham *v.* O'Connor.

---

T. J. R. SWAFFORD for Cunningham.

W. D. COVINGTON for O'Connor.

COOKE, Sp. J., delivered the opinion of the Court.

This was a petition for writs of *mandamus* to compel the delivery by the defendant to the plaintiff of certain books alleged to belong to the land office of the Mountain District at Sparta. The petitioner, Cunningham, alleged that he was elected register of the Mountain District by the Forty-third General Assembly of Tennessee, for a term of four years, and that he had qualified as such by taking the oath and executing bond as prescribed by law. That the defendant, O'Connor, was in possession of the books and papers of said office and refused to surrender the same to him. He further alleged that O'Connor had been register of said district, but that his term of office had expired, and that he was pretending to hold said office without authority of law.

An alternative writ of *mandamus* was issued and served upon the defendant, requiring him to surrender said books to the petitioner, and show cause why he should not be compelled to do so. By his return to the writ the defendant denied that the plaintiff had been legally elected to said office by the Legislature, because, as he alleged, said office, at the time of the alleged election and qualification of said Cunningham, had been merged in the office of county entry-taker of White county, and county surveyor of said county of White, and the power of electing said officer had

long since been transferred by law from the Legislature to the county court of White county; and that he was at the time of the attempted election and qualification of said Cunningham, the county entry-taker for White county, and also the county surveyor of said county, and by virtue of holding said offices was register of the land office of said Mountain District, and that he had been · for a number of years holding said office, and had been twice qualified and inducted into said office.    Admits that he had possession of said books and insists that he is entitled to retain them until his successor is properly elected and inducted into said office, etc.

Upon the hearing of the cause, the circuit judge was of opinion that the petitioner, Cunningham, was duly elected and inducted into said office, and issued a peremptory *mandamus* to compel the defendant. to surrender the books, etc., to him.   The defendant has appealed to this court.

The only questions presented by the record is as to whether under existing legislation the office of register of the Mountain District continues to exist, and if so whether or not that office is electable by the Legislature.   The office of register of the land office of the "Mountain District" was created by the act of 1827, ch. 4: Nich. & Car., p. 574.  And the district was composed of the counties of Franklin, Warren, Marion, Bledsoe, White, Overton, Fentress and Jackson.   The register was to be elected by the Legislature, to hold his office during good behaviour. The office was to be kept at Sparta.   There existed

Cunningham *v.* O'Connor.

at the time of the creation of this district four other
land offices and districts, to-wit: The District of East
Tennessee, at Knoxville, of Middle Tennessee, at Nash-
ville, the Western District, at Jackson, and the Hi-
wassee District, at Athens.

By the act of 1835, these five districts or divis-
ions were continued, and the registers were to be
elected by the Legislature and hold their offices for
the term of four years, and by said act the register
of the Mountain District was required to keep his
office at Sparta: · Nich. & Car., p. 574.

By the act of 1858, private act, ch. 126, p. 321,
the office of entry-taker in the counties of Lawrence,
DeKalb, White, Macon, Decatur, Grundy, Humphreys
and Wilson were abolished, and the surveyors of said
counties were required to perform all the duties that
belonged to the entry-takers of said counties, and all
laws in conflict with said act were repealed.

By an act of the Legislature of 1865, ch. 7, p. 8,
which was entitled "an act to dispose of the records
of the land offices of the State, and for other purposes,"
the land offices at Knoxville, Athens, Sparta and Jack-
son, were consolidated with the entry-taker's office of
the respective counties wherein they were located, and
the entry-takers required to give bond, etc., and were
authorized to issue certified copies of grants, which
were to be as good and valid as though issued by
the register as then provided by law.

By the act of 1868, ch. 34, p. 38, which was en-
titled "an act to repeal an act passed the 17th of
November, 1865, ch. 7, entitled an act to dispose of

the records of the land offices of the State, and for other purposes," it was enacted in the first section as follows: "That an act passed the 17th of November, 1865, chapter 7, of an act entitled 'an act to dispose of the land offices of the State, and for other purposes,' be and the same is hereby repealed, so far as it refers to the Hiwassee District." And by the second section of said act it was enacted: "That the original laws and acts relating to the land offices of the State, shall still remain in full force and effect as before the passage of said act, which this act proposes to repeal."

By the act of 1870, second session, section 1, (Code, 445 c), it was provided that the offices of entry-taker and surveyor were thereby consolidated. And by the second section of said act (Code, section 446 d), it was provided that hereafter the county surveyors in this State shall do and perform all the duties that now appertain or belong to the office of entry-taker, and receive all the pay and emoluments arising from the performance of said duties, and being responsible in the same manner as entry-takers were for the performance of said duties. And by section three it was enacted that all laws, or parts of laws, in conflict with said act were repealed: Code, sec. 445 e.

By the fourth section of the act of 1868, ch. 4 (Code, section 445 f), the entry-taker and surveyor for the several counties in this State, shall hereafter keep their office, books and papers at the county seat of their respective counties.

By the act of 1875, ch. 45, the office of entry-

taker was abolished, and by the second section the act of 1870, which consolidated the office of entry-taker and surveyor was repealed. And by an act approved March 5, 1879, entitled "an act to establish the entry-taker's office, it was provided that there shall be elected by the justices of the county courts, at the April term of the court, or at any quarterly term of said court, every four years, an entry-taker for any county of this State which may desire to have an entry-taker, for their respective counties. Said entry-taker shall hold his office for four years, and until his successor is elected and qualified. That the county, if it revives the office of entry-taker, may impose the duties upon the county surveyor or register, or elect some one else to fill the office.

It is insisted for the defendant that the office of register of the land office for the Mountain District, as well as of all the other land offices, having been consolidated with that of entry-taker, by the act of 1865, was again consolidated with that of county surveyor, by the act of 1869-70, and finally abolished by the act of 1875. But was again re-established by the act of 1879 for the benefit of such counties as desired such officer, and when so re-established made elective by the county court.

While the proper construction to be given to the legislation above cited is not very clear, we are of opinion that the act of 1865, consolidating the office of register of the land office with that of entry-taker, was repealed by the act of 1868, ch. 34. While the first section of said act would seem to be confined to

the repeal of the former act so far as it refers to the Hiwassee District, yet the caption embraces the repeal of the entire act of 1865 above cited.    And the second section enacted "that the original laws and acts relating to the land offices of the State shall still remain in full force and effect as before the passage of said act which this act proposes to repeal." The former laws and acts revived and re-enacted by the second section of this act are in direct conflict with the act of 1865 consolidating said offices, which this act proposes to repeal, and cannot exist together with it.    Hence, the entire act was in effect repealed, and the act of 1835, providing for the election of registers of these land offices by the Legislature every four years. was left in full force and effect: 4 Lea, 651; 6 Lea, 221; Cooley Const. Lim., 185; Sedg. on Const. Stat., 104.

The subsequent legislation cited and relied upon by defendant in relation to the offices of entry-takers, surveyors, etc., had no application to the office of register of the land office of the Mountain District, and could not affect it.    The plaintiff was, therefore, properly elected and inducted into said office, and was entitled to the possession of the books, papers and records belonging to the same.

The judgment of the circuit court was correct, and will be affirmed with costs.